STATE OF VERMONT

SUPERIOR COURT                                                ENVIRONMENTAL DIVISION
Vermont Unit                                                          Docket No. 35-3-13 Vtec

| N.E. Materials Group Amended A250 Permit |
|---|

## ENTRY REGARDING MOTION

Title:           Motion for Continued Coordination (Motion 9)
                 Motion to Amend Scheduling Order (Motion 10)
Filer:           Pamela Austin, et al.
Attorney:        Douglas Avery Ruley
Filed Date:      May 28, 2014

Response in opposition filed on 06/16/2014 by Attorney James P.W. Goss for Cross Appellants North East Materials Group., LLC and Rock of Ages Corporation

Response filed on 06/19/2014 by Attorney Douglas Avery Ruley for Pamela Austin, et al.

**The motions are DENIED.**

Twenty-six citizens, collectively "Neighbors for Healthy Communities" (Appellants), appeal the District 5 Environmental Commission decision approving the application by North East Materials Group, LLC (NEMG) for a hot mix asphalt plant at the Rock of Ages Corporation (ROA) quarry in the Town of Barre, Vermont (asphalt plant matter). NEMG and ROA cross-appeal. In a separate but related matter, Docket No. 143-10-12 Vtec, this Court concluded that NEMG and ROA did not require an Act 250 permit to operate a rock crusher at the quarry at levels customarily associated with ROA's quarry operation (rock crushing matter). North East Materials Group, LLC Act 250 JO #5-21, No. 143-10-12 Vtec, slip op. at 16 (Vt. Super. Ct. Envtl. Div. Apr. 28, 2014) (Walsh, J.). Appellants filed an appeal of the rock crushing matter with the Vermont Supreme Court.

In a July 2, 2013 entry order, this Court granted Appellants' motion to coordinate Docket Nos. 35-3-13 Vtec and 143-10-12 Vtec "so far as necessary to promote expeditious and fair proceedings and to avoid unnecessary costs or delay" pursuant to Vermont Rules for Environmental Court Proceedings 2(b) and 2(d). The accompanying Scheduling Order detailed our coordinated treatment of the two matters. Specifically, the Scheduling Order provided that the Court would take evidence and issue a decision in the rock crushing matter prior to the merits hearing in the asphalt plant matter. The Scheduling Order further provided that within 30 days of the Court's decision on the merits in the rock crushing matter, the parties would

1

provide the Court with unavailable dates for a three-day trial (with a fourth day reserved) on the asphalt plant matter in July, August, and September 2014.

In the pending motions, Appellants ask the Court to "continue the coordination of these cases" and delay the asphalt plant matter until the Supreme Court has decided Appellants' rock crushing appeal. (Appellants' Mot. for Continued Coordination and to Amend Scheduling Order at 1, filed May 28, 2014.) Appellants suggest that doing so would promote efficiency and fairness, because "if [Appellants] would prevail in their appeal of the [rock crushing matter], the asphalt plant's Act 250 permit very likely would be remanded to the district commission." Id. at 2. We disagree.

Under Vermont Rule for Environmental Court Proceedings 2(b), where a project involves multiple proceedings, this Court may advance or coordinate proceedings and "make other orders that will promote expeditious and fair proceedings and avoid unnecessary costs or delay." The Court must also establish a schedule for the proceeding. V.R.E.C.P. 2(d)(3). When the Court coordinated and established the schedule for these proceedings, we knew little about the rock crusher operations at ROA and whether the rock crusher was a necessary element of the asphalt plant proposal. At that early stage, we exercised our discretion in hearing the merits of the rock crushing matter first, allowing us to establish whether Act 250 jurisdiction attached to the rock crushing activities.

We have since determined that NEMG and ROA do not require an Act 250 permit for crushing rock at levels customarily associated with ROA's quarry. NEMG and ROA have also pointed out that the asphalt plant could operate using materials from either the NEMG/ROA crusher or some other source; thus, the final outcome of the rock crushing matter may not be dispositive in the asphalt plant matter. Finally, we note that fairness and efficiency require that an applicant have some discretion in how it proceeds through the permitting process; neither the Court nor permit opponents should prevent this process from moving forward unless appropriate to avoid unnecessary cost or delay. Thus, we give weight to NEMG's and ROA's wish to proceed with the asphalt plant matter while the rock crushing appeal is pending at the Supreme Court.

We therefore decline to continue the asphalt plant matter to an unknown date in the distant future, solely on the chance that the rock crushing decision on appeal may have some effect on the asphalt plant matter. Therefore, Appellants' motions for continued coordination and to amend the scheduling order in Docket No. 35-3-13 Vtec are **DENIED.**

This matter has been set for a status conference, pursuant to the enclosed notice, and all parties are to be prepared to address necessary changes to the existing Scheduling Order in order to move this proceeding toward a timely merits hearing.

2

So ordered.

Electronically signed on July 02, 2014 at 09:52 AM pursuant to V.R.E.F. 7(d).

_____

Thomas G. Walsh, Judge
Superior Court, Environmental Division

<u>Notifications</u>:
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Pamela Austin
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Russell Austin
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Julie Barre
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Suzanne Bennett
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Jane Berard
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Lori Bernier
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Marc Bernier
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Charles Brown
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Melyssa Danilowicz
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Michael Danilowicz
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Cathy DeGreenia
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Forrest DeGreenia
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Earl Everhart
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Cynthia Fitzgerald
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Kaley Grenier
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Kirt Johnson
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Victoria Johnson
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Steve Martin
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Frederick McGrath
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Gustave Osterberg
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Rock Pariseau
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Dana Robinson
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Ricky Safford
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Padraic Smith
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Suzanne Smith
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Denise Viens-Kirkpatrik
Elizabeth Lord (ERN 4256), Attorney for Interested Person Agency of Natural Resources
Gregory J. Boulbol (ERN 1712), Attorney for Interested Person Natural Resources Board
James P.W. Goss (ERN 1997), Attorney for Cross Appellant North East Materials Grp.LLC
Interested Person Barre Housing Authority
Co-Counsel for party 31 Alan P. Biederman